**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                        :          PENNSYLVANIA
                                        :
            v.                          :
                                        :
                                        :
TAYLOR ALFRED ROSSI          :
                                        :
           Appellant           :     No. 1979 EDA 2018

Appeal from the Judgment of Sentence Entered June 20, 2018
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0003595-2017

BEFORE:  MURRAY, J., STRASSBURGER, J.[*], and PELLEGRINI, J.[*]

CONCURRING MEMORANDUM BY PELLEGRINI, J.:

**FILED OCTOBER 04, 2019**

While I join with the majority in finding that the trial court properly disallowed evidence of the victim's sexual conduct two hours before the offense, I disagree that evidence fell within the ambit of the Rape Shield Law. Instead, I would disallow that evidence in that it lacks probative value as to the charges of which the Appellant was convicted:  rape of an unconscious person, sexual assault and indecent assault.

Appellant's proffered evidence was that the victim and his girlfriend were kissing and fondling earlier in the evening at the party, and that when he tried to join them, his girlfriend pushed him away, not the victim.  He argues that the trial court erred in excluding that evidence because it goes to his defense

---

[*] Retired Senior Judge assigned to the Superior Court.

that the victim later consented to having sex with him, and that this incident goes to whether the victim was willing to engage in sexual conduct with him.

The majority finds that this evidence is properly barred under the Rape Shield Law, 18 Pa.C.S. § 3104, because it was past sexual conduct that law excludes. The Rape Shield Law provides, in pertinent part:

> Evidence of specific instances of the alleged victim's past sexual conduct, opinion evidence of the alleged victim's past sexual conduct, and reputation evidence of the alleged victim's past sexual conduct shall not be admissible in prosecutions under this chapter except evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence.

I disagree with the majority that this evidence is barred by the Rape Shield Law because what is sought to be introduced is evidence not of the victim's "past sexual conduct" but sexual conduct that was closely related in time to the incident. Such evidence is also akin to *res gestae* or "history of the case" evidence than can be admitted because it can furnish the context or complete story of the events surrounding a crime. **See**, **e.g.**, **Commonwealth v. Dillon**, 925 A.2d 131, 137 (Pa. 2007).

Nevertheless, even though I would hold the proffered evidence was not automatically excluded by the Rape Shield Law, Rule of Evidence 403 would still govern its admission. That Rule allows the exclusion of otherwise relevant evidence if its probative value is outweighed by, among other things, unfair prejudice. Pa.R.E. 403. The comment to Rule 403 explains that "[u]nfair prejudice means a tendency to suggest decision on an improper basis or to

divert the jury's attention away from its duty of weighing the evidence impartially."

In this case, Appellant would need to demonstrate a legitimate purpose for the evidence's admission that was not outweighed by its danger of being misused by the jury. However, he did not meet that burden. As the trial court explained, the proffered evidence had little to any probative value in establishing either (1) that the victim consented to sex with Appellant or (2) that she had a motive to fabricate or lie about being raped while she was unconscious. When weighed against the remaining danger that the jury would misuse the evidence as improper character evidence, then the trial court was clearly within its discretion in disallowing the evidence from being introduced at trial.

Accordingly, I would also affirm the judgment of sentence.